SEWARD *v.* MID-STATE HOMES, INC.

5-3298                                379 S. W. 2d 271

Opinion delivered June 1, 1964.

*George P. Eldridge,* for appellant.

*Spencer & Spencer,* for appellee.

GEORGE ROSE SMITH, J. This is a foreclosure suit brought by the appellee upon a promissory note secured by a real estate mortgage. The defendants, Lavern Seward and his mother, interposed a plea of usury. The chancellor rejected this plea, finding that there had been a mutual mistake in the preparation of an allied construction contract and that the transaction was in fact free from usury.

On August 1, 1961, the appellee's assignor, Jim Walter Corporation, agreed to construct a shell home for the appellants, for which they agreed to pay 84 monthly installments of $64.40 each. The note sued upon evidences that debt. The appellants' copy of the construction contract recites that the price of the house was $3,695. If that recitation was correct the note embodies an interest charge of more than 10 per cent and is usurious. The appellee insists, however, that the true price was $3,895, in which case the interest charge is lawful.

We think the chancellor's decision was clearly right. The Jim Walter salesman who prepared the contract testified that he inserted the lower figure by mistake. He explained that $3,695 was the basic price for the par-

ticular home selected by the appellants. These purchasers chose to have masonite siding instead of wooden siding on the house, for which a standard charge of $200 was added to the base price. This salesman said that he discovered his error later in the day and promptly informed the appellants, requesting them to make the necessary change upon their copy of the contract.

There is much corroboration of the salesman's testimony. It is undisputed that masonite was actually used upon the appellants' house. It is undisputed that it costs more than twice as much as wood siding. According to the Jim Walter Corporation's printed schedule of installment payments a principal debt of $3,895 calls for 84 monthly payments of $64.40 each—the exact figures recited in the contract. Lavern Seward later sold two homes for Jim Walter Corporation. Both purchasers selected masonite siding and agreed to the extra charge; so Seward must have been aware of it. In their discovery depositions neither Seward nor his mother would deny that they were told about the $200 charge for the better grade of siding, though at the trial both changed their testimony. The record as a whole shows clearly and convincingly that a mutual mistake occurred.

In affirming the case upon its merits we do not imply that we approve the appellants' abstract of the record, the sufficiency of which the appellee has challenged. The abstract lacks the impartiality required by our Rule 9, in that it omits much of the evidence that supports the chancellor's decree. In view of the deficient abstract the appellants could not in any event have prevailed, but we have thought it best to reach the merits rather than to rest our decision upon a technical point.

Affirmed.